IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALICIA KAY FERRILL, as PERSONAL
REPRESENTATIVE OF THE WRONGFUL DEATH
CLAIM OF LELAND FERRILL, deceased,

      Plaintiff,

v.                                                         Case No.: 1:22-cv-00301-MIS-LF

COLFAX COUNTY BOARD OF COMMISSIONERS;
WARDEN MONTY GORE; COLFAX COUNTY
MANAGER MARY LOU KERN; ROADRUNNER
HEALTH SERVICES, LLC; DEBORAH CHAVEZ;
ROBERTA ROMERO; WHITNEY FERNANDEZ;
ANGELA FLEMING; DINA KOTOVA;
DIMETRIOUS SANDOVAL; DUSTIN SHUBERT;
BLAIR ALCORN; ADAN GARCIA; RYAN
SCHOENTHAL; RUBEN GARCIA; ROCHELLE
JACKSON; GEORGE ARMIJO; DIANE GARCIA;
JEREMY LUCERO; JIMMY INTVELD; JUDITH
ROMERO; DAYLIN LUDWIGS
DEANNA LYNN SHARP; RYAN HOGGATT;
ROBERT EARL PERRY; REGINA D. SLADE;
JOHN/JANE DOE SUPERVISORS 1-5, JOHN/JANE
DOE OFFICERS 1-10, Individually and in their official
capacity; JOHN/JANE DOE MEDICAL STAFF 1-5;

      Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. Federal Rule of Civil Procedure 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Plaintiff filed its complaint on April 21, 2022. Doc. 1. Plaintiff had through July 20, 2022, to serve the defendants. The record reflects that plaintiff has not served defendants Karen Deanna Lynn Sharp, Ryan Schoenthal, or Jeremy Lucero. Plaintiff has not shown good cause for the failure to serve. *See* FED. R. CIV. P. 4(m).

Plaintiff filed a proof of service indicating that defendant Blair Alcorn was served on May 9, 2022. Doc. 9. Service was made by certified mail sent to "Blair Alcorn, 608 Vermijo, Maxwell, NM 87728." Doc. 9-1 at 3. However, the certified mail receipt is signed by "Theresa L. Apodaca." *Id*. "The Federal Rules of Civil Procedure do not authorize service of an original complaint and summons by mail. They do, however, permit a plaintiff to effect service in accordance with state law." *Patterson v. Whitlock*, 392 F. App'x 185, 188 n.7 (4th Cir. 2010). The New Mexico rules for service state that "[s]ervice may be made by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process." NMRA, Rule 1-004(E). Here, defendant did not sign the receipt for the envelope, and there is no indication that Ms. Apodaca is authorized to receive service on Blair Alcorn's behalf.

IT IS THEREFORE ORDERED that Plaintiff either show cause as to how service of Blair Alcorn is sufficient under the rules, or effect proper service on Mr. Alcorn, on or before Monday, August 15, 2022.

IT IS FURTHER ORDERED that to avoid dismissal of this action against defendants Deanna Lynn Sharp, Ryan Schoenthal, and Jeremy Lucero, plaintiff must either effect service or provide the Court with a written explanation showing good cause why service has not been made, on or before Monday, August 15, 2022.

Laura Fashing
United States Magistrate Judge