## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

ALICIA KAY FERRILL,
as Personal Representative of the
Wrongful Death Claim of LELAND FERRILL,
Deceased,

        Plaintiff,

vs.                              No. 22-CV-301-MIS-LF

COLFAX COUNTY BOARD OF COMMISSIONERS;
WARDEN MONTY GORE; COLFAX COUNTY MANAGER
MARY LOU KERN; ROADRUNNER HEALTH SERVICES, LLC;
DEBORAH CHAVEZ; ROBERTA ROMERO; WHITNEY FERNANDEZ;
ANGELA FLEMING; DINA KOTOVA; DIMETRIOUS SANDOVAL;
DUSTIN SHUBERT; BLAIR ALCORN; ADAN GARCIA;
RYAN SCHOENTHAL; RUBEN GARCIA; ROCHELLE JACKSON;
GEORGE ARMIJO; DIANE GARCIA; JEREMY LUCERO;
JIMMY INTVELD; JUDITH ROMERO; DAYLIN LUDWIGS;
DEANNA LYNN SHARP; RYAN HOGGATT; ROBERT EARL PERRY;
REGINA D. SLADE; JOHN/JANE DOE SUPERVISORS 1-5;
JOHN/JANE DOE OFFICERS 1-10, individually and in
their official capacity; and
JOHN/JANE DOE MEDICAL STAFF 1-5,

        Defendants.

## DEFENDANT MARY LOU KERN'S
## MOTION TO DISMISS COMPLAINT BASED ON QUALIFIED IMMUNITY

COMES NOW Defendant Mary Lou Kern ("Defendant"), by her undersigned counsel, pursuant to Fed.R.Civ.P. 12(b)(6), and respectfully moves the Court to dismiss Plaintiff's Complaint for Wrongful Death and Civil Rights Violations (Doc. 1) ("Complaint"), based on qualified immunity.

THE GROUNDS FOR THIS MOTION are that as a matter of law, the Complaint fails to state any plausible claim upon which relief can be granted against Defendant. More specifically, the Complaint does not contain any allegations that plausibly allege that Defendant Kern, by her own individual acts and omissions, violated any constitutional right or committed any state-law tort.

## STANDARD OF REVIEW

### Motions to Dismiss in General

To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Legal conclusions should not be considered by the Court. Id. Mere labels, conclusions or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim. Bell Atlantic Corp. v. Twombly, supra, 550 U.S. at 555 (complaint's factual allegations must "raise a right to relief above the speculative level"). In ruling on a motion to dismiss, therefore, the Court should "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011). Whether a particular claim in a complaint states a "plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, supra.

### Qualified Immunity

Where an individual defendant asserts qualified immunity (as here), the burden shifts; the plaintiff must come forward with sufficient evidence to show that the defendant violated a constitutional or statutory right, and that the right was clearly established at the time of the allegedly unlawful acts. Unless

plaintiff is able to prove both prongs of the test, defendant is entitled to qualified immunity. See Lincoln v. Maketa, 880 F.3d 533, 537 (10th Cir. 2018) (cases cited); McBeth v. Himes, 598 F.3d 708, 716 (10th Cir. 2010). The court may decide the two prongs of the test in any order, and need not reach one if plaintiff does not meet her burden as to the other. See Lincoln v. Maketa, supra, 880 F.3d at 537-38; Christensen v. Park City Mun. Corp., 554 F.3d 1271, 1277 (10th Cir. 2009).

Generally, "clearly established law" must be an on-point, factually analogous decision by the United States Supreme Court, Tenth Circuit or the New Mexico Supreme Court. Davis v. Scherer, 468 U.S. 183, 194-96 (1984); Albright v. Rodriguez, 51 F.3d 1531, 1535 (10th Cir. 1995); Hannula v. City of Lakewood, 907 F.2d 129, 131 (10th Cir. 1990) (to defeat qualified immunity, "plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited").

This bedrock principle of qualified immunity--that the "clearly established law" must be a preexisting case that is "particularized" to the facts of the case before the court--has been recently reaffirmed by the Supreme Court in a series of unanimous, per curium decisions. See White v. Pauly, 580 U.S. ___, 137 S.Ct. 548, 2017 WL 69170 at *4 (2017) (per curiam); Kisela v. Hughes, 584 U.S. ___, 138 S.Ct. 1148 (2018)(per curium); City of Escondido v. Emmons, 586 U.S. ___, 139 S.Ct. 500 (2019) (per curium); City of Tahlequah v. Bond, 595 U.S. __, __ S.Ct. __,

2021 WL 4822664 *2 (2021)(per curium) ("specificity" required; "We have repeatedly told courts not to define clearly established law at too high a level of generality."); Rivas-Villegas v. Cortesluna, 595 U.S. __, __ S.Ct. __, 2021 WL 4822662 (2021)(per curium); and see Malone v. Bd. of Cnty Comm'rs, 707 F. App'x 552, 556 (10th Cir. 2017) (unpublished) (district court's denial of qualified immunity reversed because "the parties do not cite, nor could we find, any Supreme Court or Tenth Circuit case that is sufficiently close factually to the circumstances presented here").

## ARGUMENT AND AUTHORITY

### I. Official Capacity Claims

Plaintiff has sued Defendant Kern (along with all of the twenty-four individually-named defendants, plus another 20 Does) in their official capacities and individual capacities, and also has sued the Colfax County Board of County Commissioners.[1]  See Complaint at ¶ 99.

Plaintiff's claims against Defendant in her official capacity, however, are duplicative of her overlapping claims against the Board.  As redundant and duplicative claims, they are subject to dismissal.  See, e.q. Brandon v. Holt, 469 U.S. 464 (1985); Kentucky v. Graham, 473 U.S. 159, 166 (1985)("official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); Will v. Michigan Dep't of State Police,

_____

[1] Under New Mexico law in existence since 1876, it is required that "all suits or proceedings ... against a county" must be brought against the Board of County Commissioners.  See § 4-46-1, NMSA 1978.

supra, 491 U.S. at 71 ("suit against a state official in his or her official capacity ... is no different from suit against the State itself"); Romero v. Stone, 2019 WL 4418930 at *4 (D.N.M. 2019) (official-capacity claim "redundant" of claim against entity, and should be dismissed); Human Rights Defense Center v. Bd. of Cty. Comm'rs, 2018 WL 3972922 at *6 (D.N.M. 2018) (same); Tavasci v. Cambron, 2017 WL 3173011 at *28-29 (D.N.M. 2017) ("redundant" claims dismissed where plaintiff will not be able to recover any more damages by pleading two duplicative claims, rather than one; a claim lies "against either an entity or its officers in their official capacity--not against both the entity and the officers in their official capacity") (citing and discussing New Mexico cases holding same); Vondrak v. City of Las Cruces, 2009 WL 1300945 at *2 n. 1 (D.N.M. 2009) (dismissal of official-capacity claim as "redundant" of claim against entity; "one or the other suffices"); see also, Doe v. Douglas County Sch. Dist., 775 F.Supp 1414, 1416 (D.Colo. 1991); Thanongsinh v. Bd. of Educ., 462 F.3d 762, 783 n. 7 (7th Cir. 2006) ("duplicative" claim and thus subject to dismissal); Romero v. Becken, 256 F.3d 349, 355 (5th Cir. 2001) ("duplicate" claim and therefore subject to dismissal).

## II. Individual Capacity Claims

The Supreme Court has made abundantly clear that a defendant may be held liable under 42 U.S.C. § 1983 only for his or her own personal, individual misconduct. See, e.g. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only

liable for his or her own misconduct"); <u>Hafer v. Melo</u>, 502 U.S. 21, 27 (1991); <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976); <u>see also</u>, <u>Dobbs v. Richardson</u>, 614 F.3d 1185, 1200 (10th Cir. 2010) ("§ 1983 liability only be imposed upon those defendants whose own individual actions cause a constitutional deprivation").

Based on this core principle that liability may be imposed only for one's own individual acts and omissions, and in the context of qualified immunity, a complaint must specify "exactly *who* is alleged to have done *what* to *whom*" in order to give each defendant "fair notice as to the basis of the claims against him or her, as distinguished from collective allegations." <u>See Robbins v. Oklahoma</u>, 519 F.3d 1242, 1250 (10th Cir. 2008) (original italics). In itself, the failure to differentiate among defendants (and the use of the collective term "defendants") is grounds for dismissal. <u>See Robbins v. Oklahoma</u>, <u>supra</u>, 519 F.3d at 1250-51; <u>Matthews v. Bergdorf</u>, 889 F.3d 1136, 1145-46 (10th Cir. 2018)(to overcome presumption of qualified immunity, the plaintiff must do more than allege that "the defendants" as "a collective and undifferentiated whole" were responsible for the alleged constitutional violations); <u>Pahls v. Thomas</u>, 718 F.3d 1210, 1225-28 (10th Cir. 2013)(plaintiff cannot simply allege that "defendants" as a group infringed his or her constitutional rights; complaint based on those kinds of "collective allegations" is subject to dismissal).

As noted by the Supreme Court, whether a claim states a "plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." _Ashcroft v. Iqbal_, supra, 556 U.S. at 679.

_Ashcroft v. Iqbal_ involved claims of constitutional violations by Attorney General Ashcroft and FBI Director Mueller, which acts allegedly occurred in a high-security prison; their subordinates were alleged, _inter alia_, to have kicked plaintiff in the stomach, punched him in the face, dragged him across his cell without cause, subjected him to serial body-cavity searches without justification, and refused to allow him to pray. Plaintiff's allegations against Ashcroft and Mueller included assertions that they had "approved" the policy by which the alleged mistreatment was allowed to occur that Mueller had been "instrumental" in the adoption, promulgation and implementation of the unconstitutional policy, and that both defendants "knew of, condoned, and willfully and maliciously agreed to subject" the plaintiff to these harsh conditions of confinement based solely on his religion, race or national origin, in violation of the First Amendment, and for no legitimate penological interest.

The Supreme Court held that these factual allegations were "conclusory" and thus not entitled to be assumed true, and that the complaint therefore failed to state a plausible claim for relief against General Ashcroft and Director Mueller. Significantly, in evaluating the specific allegation that Ashcroft and Mueller personally had "approved" the unconstitutional policies which caused the harm to plaintiff, the Supreme Court went beyond the allegation itself and considered "more likely explanations" for the situation. _Ashcroft v. Iqbal_, supra, 556 U.S. at 680-81. Presumably, the Court was following its own admonition in _Ashcroft_

that in reviewing a complaint under Rule 12(b)(6) against the Attorney General and FBI Director in their individual capacities, the court must "draw on its judicial experience and common sense" in deciding whether a claim for relief is not merely possible or conceivable, but is "plausible." The Court here should do the same in evaluating the claims made against an individual County Manager who by definition oversees a multitude of county employees and who typically is not involved in the day-to-day operations of the jail or the hands-on medical treatment of individual detainees.[2]

Plaintiff's allegations against Defendant Kern here, in fact, are sparse to the point of non-existence, and clearly do not meet the minimum pleading standards required by Ashcroft v. Iqbal.

Plaintiff has alleged that "Upon information and belief, Defendant Mary Lou Kern was an individual employed by Defendant Colfax County and at all times material hereto was acting within the course and scope of her employment and under the color of law and is a resident of New Mexico." See Complaint, ¶ 5. Plaintiff alleges that "Defendants County, Warden and Kern had a duty to assure that VMDC was adequately staffed and safe for prisoners under its care. ..." See Complaint, ¶ 111. Plaintiff alleges that "the individually named Defendants acted not only on their own behalf, but also on behalf of Defendants ... Mary Lou Kern ... when they committed wrongful acts against [the decedent]..." See Complaint at ¶ 141. On information and belief, the above

_____

[2] Although not alleged in the body of the Complaint, Plaintiff's case caption refers to movant as "Colfax County Manager Mary Lou Kern."

allegations constitute the sole factual allegations made against Defendant Kern by name; all other factual allegations utilize the collective term "Defendants" (applicable to twenty four individual persons and up to twenty additional Doe defendants). See, e.g., Complaint at ¶ 91 ("This fact was well known to the Defendants..."); ¶ 125 ("Defendants all knew of [the decedent's] serious medical condition ... [but] these Defendants made no effort to obtain adequate and timely medical treatment for [the decedent]"); and see also, e.g. Plaintiff's Fourteenth Amendment claim, Complaint at ¶¶ 122-143.

Plaintiff's Complaint is fatally deficient in its claims against Defendant Mary Lou Kern in her individual capacity--indeed, the pleading contains far fewer factual allegations against Ms. Kern than did the deficient pleading against General Ashcroft and Director Mueller in the Ashcroft v. Iqbal case. Moreover, there is no preexisting Supreme Court or Tenth Circuit case with sufficiently similar facts that would have given notice to Defendant Kern that what she personally is alleged to have done to the late Leland Ferrill--in essence, just being the County Manager of Colfax County--would violate his constitutional rights and subject her to individual liability. Thus, Defendant is entitled to qualified immunity and dismissal of all claims against her.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion, dismiss the Complaint as against Defendant Mary Lou Kern, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

**LAW OFFICE OF MICHAEL DICKMAN**

By: **/s/ Michael Dickman**
      **MICHAEL DICKMAN**
Post Office Box 549
Santa Fe, New Mexico 87504
505-989-9360
mikedickman@yahoo.com
**Attorney for Defendant**
**Mary Lou Kern**

## CERTIFICATE OF SERVICE

I certify that I caused copies of this motion
to be electronically served on
all counsel of record
at their respective email addresses as registered on CM/ECF
on the date of filing hereof

**/s/ Michael Dickman**
**MICHAEL DICKMAN**